# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# CENTRAL DIVISION

|  |  |
|---|---|
| In re:<br><br>ALLEN F. WOODMAN AND KAREN A. WOODMAN<br><br>      Debtors<br><br>JONATHAN R. GOLDSMITH, TRUSTEE<br><br>      Plaintiff<br><br>v.<br><br>ALLEN F. WOODMAN, KAREN A. WOODMAN, CITIMORTGAGE, INC. AND NATIONSTAR MORTGAGE, LLC<br><br>      Defendants | Chapter 7<br>Case No. 12-41042-MSH<br><br><br><br><br><br><br>Adversary Proceeding<br>No. 12-4064 |

## MEMORANDUM OF DECISION ON TRUSTEE'S MOTION FOR SUMMARY JUDGMENT AND THE DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT

Before me are cross motions for summary judgment pursuant to Fed. R. Bankr. P. 7056[1] by plaintiff Jonathan R. Goldsmith and defendant CitiMortgage Inc. ("Citi"). The material facts are undisputed.

On October 16, 2001 Karen and Allen Woodman, husband and wife, acquired a home at

---

[1] Rule 56(a) of the Fed. R. Civ. P. made applicable to this adversary proceeding by Fed. R. Bankr. P. 7056 provides:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

1

595-597 School Street in Lowell, Massachusetts. The home is on registered land.[2] Title to the property was conveyed to the Woodmans by deed recorded with the Middlesex North Registry District of the Land Court. The Land Court subsequently issued to the Woodmans a certificate of title which included a memorandum of encumbrances for their property.

On April 8, 2003, the Woodmans granted a mortgage on the Lowell property to Mortgage Electronic Registration Systems Inc. ("MERS") as nominee for Principal Residential Mortgage Inc., in the amount of $69,814. MERS subsequently assigned that mortgage to Citi. Neither the mortgage nor the assignment of the mortgage was recorded with the Land Court registry. Instead, they were mistakenly recorded with the Middlesex North District Registry of Deeds.[3]

On September 21, 2004, the Woodmans executed an "open-end" mortgage on the Lowell property in favor of Principal Bank to secure their obligation under a $25,000 credit line. The

---

[2] In Massachusetts land titles are either registered or unregistered, the latter often referred to as recorded. A judgment of registration by the Massachusetts Land Court establishes title to the land as of the date of judgment. Owners of registered land receive a certificate of title which includes a memorandum of encumbrances. Anyone wishing to examine the state of the title to registered land need look no further than the certificate of title. As to the vast majority of land in Massachusetts which is unregistered, establishing title entails a more labor intensive process of examining historical land records to piece together an unbroken chain of title going back years or decades. Registered land is immune from prescriptive claims, such as easements, based on use or necessity. Unregistered land is not.   Hon. Gordon H. Piper & Diane C. Tillotson, REAL ESTATE TITLE PRACTICE IN MASSACHUSETTS § 15.2.2 (Kathleen M. Mitchell & Peter Wittenborg eds., 2d ed. 2010).

[3] Filings with respect to recorded titles are made in registries of deeds for each county or district within certain counties in the Commonwealth. Registries are overseen by publicly elected registers. MASS. GEN. LAWS ch. 36, §§ 1 and 2. For registered land, filings are made in the Land Court which maintains its own registries at the same locations as the registries of deeds. Every register of deeds is also appointed an assistant recorder of the Land Court. Hon. Gordon H. Piper & Diane C. Tillotson, REAL ESTATE TITLE PRACTICE IN MASSACHUSETTS § 15.4.4(c) (Kathleen M. Mitchell & Peter Wittenborg eds., 2d ed. 2010). The two registries while housed in the same building are independent of one another.

2

mortgage was subsequently assigned to Nationstar Mortgage LLC. Neither the mortgage nor the assignment was recorded with the Land Court. Like the Citi mortgage and assignment, they were mistakenly recorded with the Middlesex North District Registry of Deeds.

On March 15, 2012, the Woodmans recorded with the Land Court a declaration of homestead for their property pursuant to MASS. GEN. LAWS ch. 188 § 1. Eight days later on March 23, 2012, the Woodmans filed a joint petition for relief under chapter 7 of the Bankruptcy Code (11 U.S.C. § 101 et seq.) initiating the main case. Mr. Goldsmith was appointed chapter 7 trustee. On schedule C (property claimed as exempt) accompanying their bankruptcy petition the Woodmans elected, pursuant to Bankruptcy Code § 522(b)(3), to invoke state law exemptions and based on their declaration of homestead claimed the Lowell property as exempt up to the maximum exemption entitlement of $500,000.

On June 8, 2012, the chapter 7 trustee commenced this adversary proceeding against the Woodmans, Citi, Nationstar, Principal Bank, and Principal Residential Mortgage Inc. with a three count complaint.[4] The trustee seeks to avoid the Citi and Nationstar mortgages under Bankruptcy Code § 544(a)(3) (Count I), to preserve the mortgage liens for the benefit of the bankruptcy estate pursuant to Bankruptcy Code § 551 (Count II), and to obtain a declaratory judgment that the Woodmans' homestead exemption is subordinate to the preserved liens (Count III). The trustee now seeks summary judgment on all counts of the complaint.

In support of his motion for summary judgment the trustee alleges that because Citi and Nationstar failed to record their mortgages with the Land Court as required by MASS. GEN. LAWS ch. 185 § 57, they hold unperfected security interests under Massachusetts law. As a result, the

---

[4] Principal Bank and Principal Residential Mortgage Inc. have been dismissed as defendants because the trustee failed to serve them in accordance with Bankruptcy Rule 7004(a).

trustee claims that by invoking his strong arm powers as a hypothetical bona fide purchaser of real estate under Bankruptcy Code § 544(a)(3) he can avoid both mortgages, and then under Bankruptcy Code § 551, preserve the avoided liens for the benefit of the bankruptcy estate. According to the trustee, under Massachusetts law a good faith purchaser for value of the Lowell property would have taken title free of the Citi and Nationstar mortgages because neither mortgage appeared on the Woodmans' memorandum of encumbrances as they both had been recorded with the registry of deeds instead of the Land Court.

The trustee also asserts that because the Woodmans granted mortgages to Citi and Nationstar before they recorded their declaration of homestead, MASS. GEN. LAWS ch. 188 § 8 subordinates the Woodmans' homestead exemption to the pre-existing Citi and Nationstar mortgages. The trustee maintains that upon the avoidance and preservation of the liens of the Citi and Nationstar mortgages he succeeds to their priority positions ahead of the Woodmans' homestead exemption. The Woodmans do not contest the trustee's position.

In response to the trustee and in its own motion for summary judgment Citi argues that although it failed to record its mortgage and assignment with the Land Court registry, by recording them with the registry of deeds a purchaser of the Lowell property would have been on constructive notice of its mortgage. As such, Citi asserts that no purchaser in this context could qualify as a bona fide purchaser and thus the avoiding power of Bankruptcy Code § 544(a)(3) is unavailable to the trustee.

In the alternative, Citi argues that if improper recordation rendered its mortgage unperfected under Massachusetts law, then the trustee's motion to avoid and preserve the mortgage should be denied because avoidance and preservation cannot put the estate in a better

4

position than that which Citi actually held which was as an unsecured creditor. In effect Citi argues that allowing the trustee to assume the status of a secured party would place the bankruptcy estate in a superior position to the one Citi held vis a vis creditors under state law.

Finally, Citi asserts that even if the trustee can avoid the Citi and Nationstar mortgages pursuant to Bankruptcy Code § 544(a)(3), any equity remaining in the Lowell property after the trustee exercises his strong arm powers should be available to pay Citi before recognition of the Woodmans' homestead exemption claim. Citi asserts that because MASS. GEN. LAWS ch. 188 § 8 prevents homesteads from affecting previously existing mortgages and because the Woodmans contractually subordinated their right to claim a homestead in the Lowell property to Citi's interest in such property, their exemption rights in the Lowell property remain subordinate to Citi's claim even if it is deemed unsecured.

In order to efficiently evaluate the merits of each party's arguments a review of the relevant state and federal statutes is in order.

The following provisions of Massachusetts law are implicated in this dispute.
MASS. GEN. LAWS ch. 185 § 57 which provides:

> An owner of registered land may convey, mortgage, lease, charge or otherwise deal with it as fully as if it had not been registered. He may use forms of deeds, mortgages, leases or other voluntary instruments, like those now in use, sufficient in law for the purpose intended. But no deed, mortgage or other voluntary instrument, except a will and a lease for a term not exceeding seven years, purporting to convey or affect registered land, shall take effect as a conveyance or bind the land, but shall operate only as a contract between the parties, and as evidence of authority to the recorder or assistant recorder to make registration. *The act of registration only shall be the operative act to convey or affect the land, and in all cases the registration shall be made in the office of the assistant recorder for the district or districts where the land lies.*

(Emphasis added) and

5

MASS. GEN. LAWS ch. 185 § 46, which provides:

> Every plaintiff receiving a certificate of title in pursuance of a judgment of registration, and every subsequent purchaser of registered land taking a certificate of title for value and in good faith, shall hold the same free from all encumbrances except those noted on the certificate, and any of the following encumbrances which may be existing: …[5]

In addition, the following Bankruptcy Code provisions are applicable.

Bankruptcy Code §544(a)(3) which provides:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by--…
> (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

and

Bankruptcy Code §551 which provides:

> Any transfer avoided under section 522, 544, 545, 547, 548, 549, or 724(a) of this title, or any lien void under section 506(d) of this title, is preserved for the benefit of the estate but only with respect to property of the estate.

As always, these statutes must be viewed through the prism of case authority. While the Bankruptcy Code gives Mr. Goldsmith the rights and powers of a hypothetical bona fide purchaser of real estate, those rights and powers are defined by the law of the state, in this case Massachusetts, in which such property is located. *Butner v. United States*, 440 U.S. 48, 55 (1979); *Stern v. Cont'l Assurance Co.*, 80 B.R. 264, 266 (D. Mass. 1987), *aff'd*, 851 F.2d 502 (1st Cir.

---

[5] MASS. GEN. LAWS ch. 185 § 46 sets forth a list of 7 encumbrances that purchasers of registered land take subject-to even though they are not noted on the certificate of title. None is relevant to this litigation.

6

1988). With respect to registered land in Massachusetts the purpose of the registration system is to promote certainty of title. *Jackson v. Knott,* 419 Mass. 704, 711 (1994); *Kozdras v. Land/Vest Properties, Inc.*, 382 Mass. 34, 44 (1980). Purchasers of registered land should be able to look at the certificate of title to determine encumbrances without having to search for encumbrances not listed therein. *Doyle v. Com.*, 444 Mass. 686, 693 (2005); *Jackson,* 418 Mass. at 710; *Killam v. March,* 316 Mass. at 651 (1944).

Two exceptions to this general rule have developed. Purchasers of registered land will take title subject to encumbrances neither listed on the certificate of title nor enumerated in MASS. GEN. LAWS ch. 185 § 46 if: (1) the purchaser has actual knowledge of a prior unregistered interest (actual notice) or (2) there were facts described on the certificate of title which would prompt a reasonable purchaser to investigate other certificates of title, documents, or plans within the land recording and registration systems (constructive notice). *Jackson*, 418 Mass. at 711. Purchasers who actually know or should have known about pre-existing encumbrances on the real estate not reflected on the certificate of title cannot be said to have taken the land in good faith, and therefore do not take title free of such encumbrances under MASS. GEN. LAWS ch. 185 § 46**.** *Doyle,* 444 Mass. at 692-95 (2005); *Commonwealth Elec. Co. v. MacCardell*, 450 Mass. 48, 51 (2007); *Killam,* 316 Mass. 646, 651, (1944).

Citi argues that the recording of its mortgage with the registry of deeds constituted constructive notice presumably placing its encumbrance within the second exception to MASS. GEN. LAWS ch. 185 § 46 articulated by the SJC in *Jackson*. 418 Mass. at 711. As such, Citi urges, no purchaser acquiring the Lowell Property could ever be a bona fide purchaser with respect to its mortgage and so the trustee's § 544(a)(3) strong arm powers should have no efficacy with respect

7

to Citi's lien.

But in *Jackson*, the SJC defined constructive notice for purposes of MASS. GEN. LAWS ch. 185 § 46 as the existence of facts stated on the *certificate of title* that would have prompted a reasonable purchaser to search elsewhere. *Jackson*, 418 Mass. at 711; *Calci v. Reitano*, 66 Mass. App. Ct. 245, 249 (2006). *Jackson* involved a certificate of title which stated that it was subject to the restrictions laid out in a plan filed in the Essex County South District Registry of Deeds. Here, the Woodmans' certificate of title makes absolutely no reference to either the Citi or Nationstar mortgage. Nothing on the certificate of title would prompt a purchaser to search for these mortgages anywhere, and accordingly the trustee had no constructive notice of them. *Calci*, 66 Mass. App. Ct. at 249 (holding that when a certificate of title made no reference to an express easement recorded in the registry of deeds, the purchaser had no constructive notice of that easement). As such, the trustee meets the good faith purchaser requirements established under MASS. GEN. LAWS ch. 185 § 46.

In the alternative, Citi urges that if the trustee is correct that under Massachusetts law its mortgage would be unenforceable against a bona fide purchaser then the only thing that Citi ever had under state law was an unsecured claim, and allowing the trustee to avoid and preserve its lien for the benefit of the estate would confer upon the estate a superior position to the one Citi actually held. Citi's argument would have merit had its mortgage been void rather than voidable under state law. But MASS. GEN. LAWS ch. 185 does not render a mortgage on registered land not noted on the certificate of title void. § 57 is explicit on this point:

> But no deed, mortgage or other voluntary instrument… purporting to convey or affect registered land, shall take effect as a conveyance or bind the land, but shall

> operate only as a contract between the parties, and as evidence of authority to the recorder or assistant recorder to make registration. The act of registration only shall be the operative act to convey or affect the land…

The land registration statute establishes a perfection regime much like the Uniform Commercial Code's requirement to perfect security interests in personal property by filing financing statements. As between Citi and the Woodmans the mortgage was a fully enforceable contract. *Jackson*, 418 Mass. at 711. Citi had the right at any time to "perfect" its mortgage lien on the Woodmans' home by filing its mortgage and assignment with the Land Court registry. The trustee now seeks to cut off that right and appropriate it for the bankruptcy estate.

Citi targets its final legal fusillade at the Woodmans claiming that because the Woodmans' homestead exemption was subordinated to Citi's mortgage both by law, MASS. GEN. LAWS ch. 188 § 8, and by the mortgage contract itself, even as an unsecured creditor Citi must be paid in full before the Woodmans receive any value on account of their homestead rights. Citi misses its mark. The Woodmans' homestead subordination, whether statutory or contractual, relates to Citi's mortgage rights which will now be preserved by Mr. Goldsmith for the benefit of the bankruptcy estate. Citi will be left with an unsecured claim arising from its promissory note. Citi offers no cognizable legal theory to support the proposition that the Woodmans' homestead rights are subordinate to Citi's contractual rights under its promissory note, nor am I aware of any.

[Remainder of page left blank.]

In summary, despite Citi and Nationstar having recorded their mortgages and assignments in the registry of deeds, having failed to file them in the Land Court registry, the mortgages may be avoided by Mr. Goldsmith and the liens preserved for the bankruptcy estate pursuant to Bankruptcy Code §§ 544(a)(3) and 551, respectively. The preserved liens are superior to the Woodmans' homestead exemption rights; Citi's unsecured claim is not. As there are no material factual issues in dispute and Mr. Goldsmith is entitled to judgment as a matter of law, Mr. Goldsmith will be granted summary judgment as to all counts of the complaint. Citi's cross motion for summary judgment will be denied.

Separate orders consistent with this memorandum shall enter.

Dated: August 21, 2013                                              By the Court,

                                                                    /s/ Melvin S. Hoffman
                                                                    _____
                                                                    Melvin S. Hoffman
                                                                    U.S. Bankruptcy Judge